| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**McCABE, WEISBERG & CONWAY, LLC**<br>**By: Andrew M. Lubin, Esq. (Atty. I.D.#AL0814)**<br>**216 Haddon Avenue, Suite 201**<br>**Westmont, NJ 08108**<br>**856-858-7080**<br>Attorneys for Movant: Navy Federal Credit Union | |
| IN re:<br><br>Richard An Tran Nguyen<br>      Debtor | Case No.: 23-13081-ABA<br>Chapter: 13<br>Judge: Andrew B. Altenburg Jr. |

**CERTIFICATION OF COUNSEL**
**IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**
**PURSUANT TO 11. U.S.C. §362**

The undersigned, attorney for Movant, Navy Federal Credit Union, does hereby certify:

1. I am an attorney at law of the State of New Jersey and an associate with the law firm of McCabe, Weisberg & Conway, LLC.

2. Movant is Navy Federal Credit Union.

3. Debtor is the owner of premises, hereinafter known as the mortgaged premises, located at: 771 East Broad Street, Gibbstown, NJ 08027.

4. Movant is a secured creditor of the Debtor as evidenced by a certain note (the "Note"), in the principal amount of $242,250.00, executed on December 6, 2021. Pursuant to the Note, the Debtor is currently required to make monthly payments in the amount of $1,900.00.

5. Debtor filed the instant Chapter 13 case on April 13, 2023.

6. Movant is the holder of a mortgage which is a first lien on the mortgaged premises. A copy of said mortgage is attached hereto.

7. Movant has instituted or wishes to institute foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payments required thereunder.

8. The foreclosure proceedings filed or to be instituted were stayed by the filing of the instant Chapter 13 Petition.

9. Debtor has failed to make payments to discharge the arrearages on said mortgage and/or has failed to make the current monthly payments on said mortgage since the filing of the Chapter 13 Petition. Such defaults include failure to make payments as shown in the Certification of Post-Petition Payment History submitted herewith.

10. Movant is entitled to relief from the automatic stay Section 362(A) of the code because of the foregoing default and because (a) adequate protection of the interest of Movant is lacking; and (b) Debtor has inconsequential or no equity in the premises, which is not necessary to an effective reorganization or plan.

11. Movant requests relief from the stay for cause to allow Movant to proceed with its state law remedies up to and including eviction proceedings.

12. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: January 11, 2024

McCABE, WEISBERG & CONWAY, LLC

　/s/ Andrew M. Lubin
Andrew M. Lubin, Esquire